# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ARISTEA L. MONTANO-VALDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-3078 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Aristea L. Montano-Valdez, through counsel, sued Wells Fargo Bank N.A., her mortgage servicer, in state court. She alleged that Wells Fargo acted "in bad faith and in violation of Federal Law in denying a Loan Modification and attempting to foreclose on the property." (Docket Entry No. 2-1 at 1). Wells Fargo timely removed the case to federal court and moved to dismiss or for a more definite statement. (Docket Entry No. 2). Although the motion was filed on October 25, 2013, no response has been filed. Based on the motion, the pleadings, and the applicable law, this court grants the motion to dismiss, with leave to amend no later than **January 31, 2014**. Failure to amend may lead to dismissal with prejudice. The reasons for this ruling are explained below.

In her petition, Montano-Valdez alleges that she obtained the mortgage and purchased the property in 2001 and acknowledges that she defaulted on the loan payments in 2013. She applied for a loan modification, but after some period, Wells Fargo informed her that the loan was "not eligible" for modification. She alleges that as part of her loan modification application, she provided documents to Wells Fargo showing that she received part of her income from quarterly distributions

from the Trust Bank of the Coushatta Tribe of Louisiana.  She claims that Wells Fargo's loan-modification denial was based on discrimination against her because of her "Native American Heritage," in violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, and the Fair Housing Act, 12 U.S.C. § 4545.  Wells Fargo has moved to dismiss or in the alternative for a more definite statement, arguing that Montano-Valdez's allegations are too conclusory to proceed.

**I.     The Legal Standard for a Motion to Dismiss**

The court may dismiss the complaint under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  In *Bell Atlantic Corporation. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  To withstand a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008).  The Court explained that "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  (quotation omitted).

"[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint . . . courts may also consider matters of which they may take judicial notice."  *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996).  The court can "consider documents integral to and explicitly relied on in the complaint, that the defendant appends to his

motion to dismiss, as well as the full text of documents that are partially quoted or referred to in the complaint." *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 882 (S.D. Tex. 2001) (quotation omitted). The court may consider extrinsic materials such as public records attached to the motion to dismiss without converting the motion into a motion for summary judgment. *Md. Manor Assocs. v. City of Houston*, 816 F. Supp. 2d 394, 404 n.5 (S.D. Tex. 2011).

**II.     Discussion**

Montano-Valdez alleges that because she disclosed on her loan modification application that she received part of her income from the Trust Bank of the Coushatta Tribe that Wells Fargo discriminated against her when it denied her loan modification based on her Native American heritage. The only supporting fact she alleges is that she "demonstrated that she is capable of bringing her loans current." (Docket Entry No. 2-1 at 3). But she does not allege any specific facts showing that she qualified for the loan modification she sought, or that others who were similarly situated but outside her protected class received the loan modification she was denied. Courts addressing motions to dismiss similar allegations have found the pleadings too conclusory and skeletal to proceed. *See Hafiz v. Greenpoint Mortg. Funding, Inc.,* 652 F. Supp. 2d 1039, 1046 (N.D. Cal. 2009); *see also Atkins v. Litton Loan Serv., LLP,* No. 10–00561–EDL, 2011 WL 3878378, at *9 (N.D. Cal. Sept. 1, 2011) (dismissing plaintiffs' FHA claims with prejudice), *Pitre v. U.S. Bank Nat'l Ass'n*, No. H-10-cv-1020 (MH), 2011 WL 5449767, at *4 (S.D. Tex. Nov. 9, 2011) (dismissing FHA claim without prejudice because the plaintiff "failed to allege any set of facts that support his assertion that Defendants engaged in redlining, or any other discriminatory conduct, on the basis of race. He has demonstrated no more favorable loan options that might have been available to him but for a discriminatory practice and has alleged no basis for his belief that

Defendants discriminated against him other than his dissatisfaction with the terms of his mortgage."); *Grimes v. Fremont Gen. Corp.,* 785 F. Supp. 2d 269, 292 n. 33 (S.D.N.Y. 2011) (finding the plaintiffs' FHA claim deficient because, among other things, the "allegations of disparate treatment [were] very generalized [because] they fail[ed] to plead that any specific similarly-situated non-African American applicant received a better loan"); *Woodworth v. Bank of Am., Nat'l Ass'n,* No. 09-cv-3058-CL (MDC), 2011 WL 1540358, at *19 (D. Or. Mar. 23, 2011) (dismissing FHA claim based on reverse-redlining because the plaintiffs failed to plead facts demonstrating they were qualified for any loan other than the one they received or showing that discriminatory animus motivated the defendants' conduct); *Davenport v. Litton Loan Servicing, LP,* 725 F. Supp. 2d 862, 876 (N.D. Cal. 2010) (dismissing FHA claim based on allegations of reverse-redlining based on the absence of factual allegations indicating direct targeting or loans made to others on more favorable terms).

The petition in this case is similarly flawed. The petition is conclusory and does not include sufficient factual allegations to make the claimed statutory violations a plausible basis of recovery. The claims are dismissed, without prejudice and with leave to amend. The amended complaint must be filed by **January 31, 2014.** Failure to do so may lead to dismissal with prejudice.

**III.    Conclusion**

The motion to dismiss is granted (Docket Entry No. 2), with leave to amend no later than **January 31, 2014**. The motion for more definite statement is moot.

SIGNED on January 8, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

4